COMMITTEE FOR UTILITY TRIMMING, INC.
*v.* Sylvia HAMILTON, County Clerk

86-236                                               718 S.W.2d 933

Supreme Court of Arkansas
Opinion delivered November 10, 1986

284

*R. David Lewis*, for appellant.

*Robert D. Ridgeway, Jr.*, for appellee.

*Wood, Smith & Schnipper*, and *Friday, Eldredge & Clark*, for Intervenor-Appellee Arkansas Power & Light Company.

DARRELL HICKMAN, Justice. This case was advanced and we decided to affirm the trial court on Friday, October 31, 1986, with the opinion to follow. This is the opinion.

The appellant collected signatures to get a proposal on the general election ballot in Garland County called the Garland County Electric Initiative. The ballot title reads:

> An ordinance revoking the monopolistic privileges and exclusive franchise granted to a private corporation; To establish a county administrative board to act as a body politic with corporate powers to acquire and operate the means of producing and distributing hydroelectric power in Garland County, Arkansas; And for other purposes.

Sylvia Hamilton, the county clerk and appellee, rejected the petition on September 8, 1986, because of forgery of some names, non-registration of some signatories and illegibility of some signatures which reduced the number of signatures below the required amount.

The appellant filed a petition for review in the Garland County Chancery Court, and the appellee and intervenor, Arkansas Power and Light, challenged the capacity of the appellant to sue. It was not disputed that the Committee for Utility Trimming, Inc., had not been incorporated according to law. The trial

judge ruled, quite properly, that a corporation not in existence could not initiate a law suit. That is the law. In *Sulphur Springs Recreational Park* v. *City of Camden*, 247 Ark. 713, 447 S.W.2d 844 (1969), we affirmed a trial court's dismissal of a complaint, because the plaintiff's corporate charter was not in existence when the suit was filed.

██ Corporate existence begins in Arkansas when the articles of incorporation are filed with the secretary of state. Ark. Stat. Ann. § 64-117 (Repl. 1980). A suit must be instituted by a person, natural or artificial. *Fausett & Co.* v. *Bogard*, 285 Ark. 124, 685 S.W.2d 153 (1985). Neither existed here. The appellant did not exist as a corporation when it filed this suit. The appellant attempted to correct this oversight too late—after the time had expired for contesting a rejection of a petition.

The appellant argues that the court should have permitted the appellant to proceed as a partnership or a de facto corporation; also it is argued that the 15-day time limit in Ark. Stat. Ann. § 17-4011 [10] (9) (Repl. 1980) is unconstitutional in violation of Amendment 7 to the Arkansas Constitution. These arguments are all meritless.

The simple fact is that the appellant elected to proceed as a corporation and failed to perform the most elementary act necessary to become a corporation—file its articles.

Furthermore, *any* taxpayer could have filed this petition, but none did. The appellant's oversight cannot be brushed aside, cases overruled and procedures ignored just to accommodate one litigant.

██ Since the corporation did not exist legally, it could not file a complaint in court under our law, and such a complaint was properly dismissed.

The appellant asked the chancellor to recuse himself because he had been a college roommate of Judge Tom Glaze, an opponent to the appellant's lawyer in a political race. It was also mentioned that Sheffield Nelson and Larry Wallace had solicited campaign funds for Judge Tom Glaze and were with the law firm which has historically represented Arkansas Power and Light.

██ We do not presume bias and prejudice, and there is

no evidence in the record that the chancellor, Gayle Ford, had any actual bias, nor that his continuance in the case would be an appearance of impropriety. Friendship with a member of the bar is not a ground for recusal. None of these people were parties to this suit or represented any interested party.

Affirmed.