Alice MERTZ *v.* Michael STATES, Clay Ferrar, Jr., Lance Hudnell, as City Clerk of the City of Hot Springs, Arkansas, and Dan McCraw, Toni Phillips, and Charles Tapp, as Commissioners of the Garland County Election Commission

94-1082                                                 884 S.W.2d 264

Supreme Court of Arkansas
Opinion delivered October 12, 1994

*Mackey & Wills, P.A.,* by: *Frank J. Wills, III*; and *J. Sky Tapp,* for appellant.

*Robert D. Ridgeway, Jr.,* for appellee.

PER CURIAM. Alice Mertz sponsored a proposal for an ordinance to be included on the 1994 general election ballot in the City of Hot Springs and filed the completed petitions with the City Clerk. Michael States and Clay Ferrar, Jr. filed suit in circuit court against the City Clerk and the Garland County Election Commission and, contending the proposal was a referral, sought a declaratory judgment that the petitions were insufficient and that the Clerk be ordered not to certify the proposal to the Commission for inclusion on the ballot at the general election. Apparently Mertz, as a sponsor, was allowed to intervene in the action. On September 29, 1994, the circuit court ordered the Clerk not to certify the proposal to the Commission.

On October 4, 1994, Alice Mertz filed a notice of appeal and Michael States and Clay Ferrar, Jr. filed a notice of cross-appeal. On October 10, 1994, Alice Mertz filed a petition in this court and asked expedited consideration of her appeal. Alice Mertz asks that the briefing schedule be advanced so that her

brief will be due on October 17. Michael States and Clay Ferrar, Jr. ask that the case be taken in due course.

The county board of election commissioners is required to "prepare official absentee ballots and deliver them to the county clerk for mailing to all qualified applicants as soon as practicable before the last day on which the ballot will be counted *but in any event not less than twenty-five (25) days before any election.*" Ark. Code Ann. § 7-5-407 (Repl. 1993) (emphasis added). This motion to expedite is presented to us on October 12. The election is on November 8. There are only twenty-six days between now and the date of the election. Briefs on the appeal and cross-appeal have not been filed. It appears impossible to have time for both sets of briefs to be prepared and for this court to take the case under advanced submission, to prepare an opinion on the writ, and to issue a writ in time for the county election officials to perform their statutory duty. At this time we do not know the grounds of the cross-appeal.

We order an oral argument of the matter on Monday, October 17, at 9:00 a.m., or as soon thereafter as convenient to the court, to consider whether any appropriate action might be immediately taken. Each side will be allowed ten minutes. If no appropriate action can be taken on an expedited basis, we will consider the appeal and cross-appeal in due course and will answer any questions that we think should be answered.

Argument ordered.