Senator Nick WILSON and Senator Vic Snyder *v.* Skip COOK

94-1181                                           886 S.W.2d 593

Supreme Court of Arkansas
Opinion delivered November 3, 1994

*Wright. Lindsey & Jennings*, by: *Mark L. Pryor*, for intervenors-appellants.

*Mackey & Wills*, by: *Frank J. Wills III*, for appellee.

PER CURIAM. On October 19, 1994, the appellee, Skip Cook, filed a complaint for injunctive relief against the Secretary of State in the Chancery Court of Pulaski County, contending that "Referred Amendment No. 1," pertaining to succession in office and the powers of the Governor to fill certain vacancies in office, should be removed from the ballot, or, in the alternative, that the Secretary of State should be enjoined from counting or certifying any votes cast for the referred amendment. Senators Nick Wilson and Vic Snyder, individually and in their representative capacities on behalf of the members of the Legislative Council and of the Arkansas General Assembly, were allowed to intervene in the action and, on October 25, 1994, filed a motion to dismiss.

The Pulaski County Chancery Court denied the intervenors' motion to dismiss on October 26, 1994, and entered an injunction ordering that the Arkansas Secretary of State be enjoined from placing Referred Amendment No. 1 on the general election ballot, or, in light of the proximity of the election, that he be enjoined from counting or certifying any votes cast for Referred Amendment No. 1.

On October 31, 1994, Senators Wilson and Snyder filed a notice of appeal, petitioning this court for "accelerated proceedings" and applying for temporary relief. The intervenors-appellants acknowledge that, because the general election is to be held on November 8, 1994, time limitations preclude observance of the court's normal response time and briefing schedule.

There are only three working days between now and the date of the election. Although a partial record has been filed with the clerk of this court, we do not have a transcript of the trial proceedings. Moreover, the clerk of this court informs us that counsel for the intervenors-appellants has advised his office that the record of the trial proceedings cannot be completed or filed for another two or three weeks.

This matter is on appeal from a chancery court. Were we to entertain such an appeal without the benefit of a complete record of trial proceedings, we would be obliged to function in a vacuum. That, of course, we cannot and will not do. Therefore, the

clerk is directed, upon the filing of a proper and complete transcript of trial, to set a briefing schedule for the respective parties.

The petition for accelerated proceedings and the application for a temporary stay of the chancellor's order of October 26, 1994, are denied.

HAYS, J., would grant.