W.J. McCUEN, et al. *v.* Clarence HARRIS

94-1196                                       891 S.W.2d 350

Supreme Court of Arkansas
Opinion delivered November 4, 1994

*Williams & Anderson*, by: *Leon Holmes*; and *Winston Bryant*, Att'y Gen., by: *Timothy Humphries*, Deputy Att'y Gen., for appellants.

*Winston Bryant*, Att'y Gen., by: *Angela Jegley*, Asst. Att'y Gen., for Legislators-Intervenors.

No response.

PER CURIAM. The appellants, W.J. "Bill" McCuen, et al., seek an expedited hearing in conjunction with their appeal of a Pulaski Chancery Court decision enjoining Mr. McCuen, the Secretary of State, from canvasing the returns and counting the votes

in the General Election to be held November 8, 1994, on proposed amendment 2. We were presented with the appellants' motion, accompanied by an opening brief on November 3, 1994. The appellants ask us to hear the case prior to the election.

This case is not like the case of *Walker* v. *McCuen* (Case No. 94-1149) in which we granted expedited consideration on October 25, 1994. There, we were able to order a reasonable briefing schedule which would not be prejudicial to either party. Here, we are asked to require the appellee to present a brief in time to hold arguments on Monday, November 7, 1994, so that the case will be decided prior to the election. To do so would not only be unfair to the appellee, it would also not give this Court the time needed for deliberation of the issue or issues to be presented. We, therefore, must deny the motion for expedited consideration.

HAYS, J., dissents.

STEELE HAYS, Justice, dissenting. It is regrettable that the Court declines to hear this case on an expedited basis to consider the merits of appellants' arguments, which the chancellor characterized as "compelling." Admittedly, it is the eleventh hour, but that is not the fault of the proponents of proposed Amendment 2. It is the appellee who waited until the eve of the election itself to challenge the proposal in court, leading to the issuance of an injunction on November 3, 1994, and effectively eliminating appellate review, to the incalculable loss of the proponents.

Unlike *Wilson and Snyder* v. *Cook* (94-1181), where there were neither briefs nor a complete record, nor any assurance the issues could be submitted expeditiously, here we have a complete record and the appellants' brief is submitted simultaneously with its motion to expedite. There is reason to believe the appellee's brief could be submitted forthwith.

Moreover, it appears there are differences between this case and *Walmsley* v. *Bailey,* (94-981, October 17, 1994), which could affect the result. If the case can be hurried through the trial court as it was, it can be expedited here. I would issue a stay and review the assignment of errors.