James F. "J.F." VALLEY *v.* David BOGARD, Judge

00-539                                                           20 S.W.3d 271

Supreme Court of Arkansas
Opinion delivered May 12, 2000

*Wilson & Valley*, by: *Jimmie L. Wilson, E. Dion Wilson, J.F. Valley, André K. Valley*, and *Don R. Etherly*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Kelly S. Terry*, Ass't Att'y Gen., for appellee.

---

PER CURIAM. On May 4, 2000, the Circuit Court of Pulaski County, Sixth Division, entered an order ruling that Mr. James F. Valley shall not be certified as a candidate for State Representative, District 99, in the Democratic primary election to be held on May 23, 2000. The court further ordered that if the ballots for the primary have already been printed, any votes cast for Mr. Valley shall not be counted.

On May 9, 2000, Mr. Valley filed a notice of appeal from the May 4 order. On May 9, Mr. Valley also filed a petition for writ of certiorari, requesting that a stay of the May 4, 2000, order be granted. In Mr. Valley's notice of appeal, he designated the entire record for the appeal, but stated he had unsuccessfully attempted to contact the court reporter, Ms. Ellen Kuciejski, regarding the transcript and to make the necessary financial arrangements.

On May 10, 2000, the Phillips County Board of Election Commissioners responded stating, among other things, that Mr. Valley's petition and motion for stay be denied, and that his motion to expedite appeal be rejected. Respondent Circuit Judge David Bogard, by the Attorney General's office, requests Mr. Valley's claims for relief be rejected, and, more particularly, submits that Mr. Valley's request for a writ of certiorari be denied because his remedy is one of appeal. The Secretary of State and the State Board of Election Commissioners have filed a response on May 10, 2000, essentially taking no position with regard to Mr. Valley's eligibility as a candidate for the office of State Representative, District 99.

Finally, Respondent Arnell Willis filed his response on May 10, 2000, requesting Mr. Valley's requests for relief be denied. Additionally, he joins other respondents in stating that the appeal record in this matter is grossly incomplete, because no transcript and exhibits have been filed or properly requested.

On May 11, 2000, our court issued a writ of certiorari to the court reporter in an attempt to expedite rendering a decision before the May 23, 2000 primary election, even though Mr. Valley's notice of appeal failed to confirm that he ordered the transcript and made financial arrangements required by the court reporter pursuant to Ark. Code Ann. § 16-13-510(c) (Repl. 1999). *See* Ark. R. App. P.—Civil 3(e) (2000). Instead, as noted above, Mr. Valley asserted in his notice of appeal that he attempted, but failed, to make the

required arrangements for the record. Court reporter, Ms. Ellen Kuciejski has submitted her affidavit on this date, May 12, 2000, averring that Mr. Valley, to date, has not made arrangements for the record in this appeal.

Under Ark. R. App. P.—Civ. 3(e) (2000), it is required that the notice of appeal provide that financial arrangements had been made with the court reporter. While Mr. Valley's appeal is not rendered void, Mr. Valley's failure to comply with Ark. R. App. P.—3(e) makes it impossible for this court to expedite this matter in order to decide it before the May 23 primary election. *See Wilson v. Cook*, 318 Ark. 520, 886 S.W.2d 593 (1994) (requests for accelerated proceedings and application for temporary relief were denied because the transcript could not be filed in time to decide the case before the scheduled election). In the instant case, Mr. Valley has failed to show he has made proper arrangements for the record, and we are unable to determine when a full record can be provided so this court can establish a briefing schedule. For these reasons, we deny Mr. Valley's requests to a stay and to accelerate this appeal. This court's May 11, 2000, writ of certiorari was improvidently issued and is withdrawn.