Oscar STILLEY *v.* Helen McClinton BRADLEY

00-1102                                          27 S.W.3d 436

Supreme Court of Arkansas
Opinion delivered October 6, 2000

*Appellant,* pro se.

No reply.

PER CURIAM.   The appellant/intervenor, Oscar Stilley, seeks an expedited briefing schedule and decision in conjunction with the appeal of an August 29, 2000, Jefferson Circuit Court decision.  We deny the motion.

The appellant filed his motion to expedite on Friday, September 29, 2000, and this matter came before this Court on the following Wednesday, October 4, 2000.[1]  The appellant has made no request for a stay, but asserts the following:

> The county board of election commissioners is required to "prepare official absentee ballots and deliver them to the county clerk

---

[1] It should be noted that although appellant now wishes this matter to be *expedited,* he waited to file the instant motion until thirty days after the trial court entered its order of mandamus on August 29, 2000.

for mailing to all qualified applicants as soon as practicable before the last day on which the ballot will be counted but in any event not less than twenty-five (25) days before any election." Ark. Code Ann. [§] 7-5-407. *Mertz v. State*, 318 Ark. 239, 884 S.W.2d 264 (1994).

By the calculations of undersigned, the 25 day deadline will not be passed if this cause is decided by October 12, 2000, same being a regular day of decision for the Court. Appellant prays that the scheduling order provide for the completion of this appeal in time for decision on or before October 12, 2000.

■ The appellant asks us to require the appellee to present a brief in time for the Court to consider this case prior to October 12, 2000, so that the case will be decided prior to the commencement of absentee balloting, which begins on October 13, 2000, for the November 7, 2000, election. To do so would not only be unfair to the appellee, it would also not give this Court the time needed for deliberation of the issue or issues to be presented.[2] *See McCuen v. Harris*, 318 Ark. 522, 891 S.W.2d 350 (1994). We, therefore, must deny the motion for expedited consideration.

Denied.

---

[2] Assuming, however, that this Court *was* able to decide the case prior to October 13, 2000, and assuming appellant prevailed, the county clerk would still have to have time to study the initiative petition and signatures to determine and certify the sufficiency of the initiative petition, which would be impossible prior to the election.