Oscar STILLEY, Appellant/Intervenor *v.*
George A. MAKRIS, Jr., Petitioner/Appellee;
Helen McClinton Bradley,
In Her Official Capacity as County Clerk
of Jefferson County, Arkansas

00-1102                                        30 S.W.3d 749

Supreme Court of Arkansas
Opinion delivered November 16, 2000

*Oscar Stilley*, pro se.

*Bridges, Young, Matthews & Drake, PLC*, by: *Jack A. Nulty*;
*Friday, Eldredge & Clark*, by: *Joe D. Bell*, for petitioner/appellee.

PER CURIAM. On October 19, 2000, appellant and intervenor Oscar Stilley filed the instant motion asking this court to enter a stay of the Jefferson County Circuit Court's August 29, 2000 order "by *October 12, 2000*, or if that is impossible, at the earliest time." (Emphasis added.) Clearly, it is impossible for us to grant appellant's request to enter a stay on October 12th, seven days before he actually filed his motion to stay with this court. We deny appellant's motion because it is untimely and lacks merit.

On August 7, 2000, Mr. Stilley sponsored an initiative petition to provide for the sale of the Jefferson County Regional Medical Center and filed it with the Jefferson County Clerk. Three days later, appellee George A. Makris, Jr., filed a petition for writ of mandamus to prevent the county clerk from examining and ascertaining the sufficiency of the petition's signatures. On August 11, 2000, the trial court entered a temporary restraining order prohibiting the clerk from examining the signatures. Following a hearing on August 16, 2000, and after considering the testimony of appellant,

appellee Makris, exhibits, and arguments of counsel, the court entered an order on August 29, 2000, permanently enjoining the clerk from further studying the signatures and from certifying their sufficiency to the board of electors. Notably, appellant failed to seek a stay from the trial court's order at this time but, as mentioned above, waited until October 19 to file a stay request.

■ Although Mr. Stilley lodged the appellate record with this court on September 25, 2000, and filed an abstract, brief, and motion to expedite on September 29, 2000, he failed to seek a stay on either of these two occasions. In fact, in our October 6, 2000 *per curiam* opinion, denying appellant's motion for expedited consideration, we specifically noted that Mr. Stilley "has made no request for a stay." *See Stilley v. Bradley*, 342 Ark. 274, 274, 27 S.W.3d 436 (2000). In light of the foregoing, we deny appellant's October 19, 2000 belated request for a stay of judgment.[1]

Motion denied.

---

[1] *Reporter's note: See also Stilley v. Young*, No. 00-1119 (November 16, 2000).