Harry WARD, Individually and on Behalf of Arkansans to Protect Police, Libraries, Education and Services, *Petitioner v.* Sharon PRIEST, Secretary of State, *Respondent*; Kark Kimball, Gerhard Langguth, and Jeff Cantwell, Individually and as Members of the Arkansas Libertarians Eliminating Regressive Taxes (ALERT) *d/b/a* Committee to Axe the Food Tax, *Intervenors*

02-1155                                                88 S.W.3d 416

Supreme Court of Arkansas
Opinion delivered October 31, 2002

*Friday, Eldredge & Clark,* by: *Robert S. Shafer,* for petitioner.

*Tim Humphries,* Gen. Counsel, Sec. of State; and *Mark Pryor,* Att'y Gen., by: *Jeff R. Priebe,* Ass't Att'y Gen., for respondent.

*Williams & Anderson LLP,* by: *Jess Askew III, Beth M. Deere,* and *Sarah M. Priebe,* for intervenors.

P ER CURIAM. Petitioner Harry Ward, on behalf of himself and others similarly situated, and a ballot-question

committee known as Arkansans to Protect Police, Libraries, Education, and Services (referred to collectively as "APPLES"), seeks an expedited review in conjunction with an original action filed by APPLES on October 28, 2002, pursuant to Amendment 7 to the Arkansas Constitution and Act 877 of 1999, codified at Ark. Code Ann. § 7-9-501 et seq. (Repl. 2000). In its petition, APPLES asks this court to enjoin the respondent, Sharon Priest, Secretary of State, from placing a proposed amendment entitled "Amendment Eliminating Taxes on Food and Medicine" on the November 5, 2002 general-election ballot, or alternatively that any votes cast on the proposed amendment not be counted or certified. Karl Kimball, Gerhard Langguth, and Jeff Cantwell, on behalf of themselves and a committee sponsoring the proposed amendment known as Arkansas Libertarians Eliminating Regressive Taxes (ALERT) have intervened in this action. ALERT objects to the request for expedited consideration, and it has filed a motion to dismiss the original action. The petition filed by APPLES contains the same allegations of insufficiency set forth in its original action petition filed in *Ward v. Priest*, 350 Ark. 345, 86 S.W.3d 884 (2002). The brief tendered by APPLES is substantially similar to the brief it filed in *Ward v. Priest, supra.* We were presented with this motion for expedited review on October 28, 2002, with responses being filed by ALERT and the respondent on October 30, 2002. APPLES asks us to decide this case prior to the November 5 general election.

This case is like *McCuen v. Harris*, 318 Ark. 522, 891 S.W.2d 350 (1994), in which we denied a motion for expedited review where the motion and brief were presented to this court just five days prior to the election. We stated that such time limitations would not only be unfair to the appellee, it would also not give this court the time needed for deliberation of the issue or issues to be presented. *Id.; see also Stilley v. Young*, 342 Ark. 378, 28 S.W.3d 858 (2000); *Mertz v. States*, 318 Ark. 239, 884 S.W.2d 264 (1994).

■ The original-action petition filed by APPLES on October 28, 2002, alleges that this court has jurisdiction pursuant to Amendment 7 and Act 877 of 1999 to review the sufficiency of the popular name and ballot title of the proposed constitutional amendment. We take this opportunity to once again note that the purpose of Act 877 is to provide for the timely and expeditious

review of the legal sufficiency of initiative petitions by the Supreme Court. Ark. Code Ann. § 7-9-501 (Repl. 2000). Furthermore, Act 877 was intended to provide a process to timely review the legal sufficiency of a measure in a manner which avoids voter confusion and frustration which occur when measures are stricken from the ballot on the eve of an election. Ark. Code Ann. § 7-9-502(b) (Repl. 2000).

■    There are only six days between now and the date of the election. Election-eve review is contrary to Act 877 of 1999, the statute under which APPLES now proceeds. Moreover, to grant review at this late hour would not only be unfair to the adverse parties, but it would not give this court a sufficient amount of time necessary for meaningful deliberation of the issues presented. We, therefore, must deny the motion for expedited review. Accordingly, the motion to dismiss filed by ALERT is moot.

Motion denied.

THORNTON, J., not participating.