REPUBLICAN PARTY of ARKANSAS and Sally Stevens,
A Member of the Pulaski County Election Commission *v.*
The Honorable Collins KILGORE, Pulaski County Circuit Court,
Thirteenth Division; Gus Wingfield; Democratic Party of Arkansas;
Pulaski Circuit/County Clerk, Carolyn Staley; and
Pulaski County Board of Election Commissioners

02-1181                                                    98 S.W.3d 796

Supreme Court of Arkansas
Dissenting opinion delivered November 6, 2002

TOM GLAZE, Justice, dissenting.[1] In this case, a Pulaski County Circuit Court signed an emergency order extending voting hours to 9:00 p.m. on the night of the November 5, 2002, General Election. No petition for this relief had been filed with the Pulaski County Clerk, which is required to commence an action as mandated by Ark. R. Civ. P. 3. Moreover, no notice was given to all necessary parties who had an interest in this action. The circuit court's order can be appealed or reviewed by this court only after the judge had his order filed and entered with the Pulaski County Clerk's office. *See* Ark. R. Civ. P. 58 and Ark. R. App. P.—Civ. 4, which provide that an appeal filed prior to the entry of a final judgment or order is filed with the clerk of the trial court that tried the claim; *see also* Administrative Order No. 2, which reads that, for appeal purposes, a court's order is effective only when the order is filed with the clerk's office.

None of these rules were complied with. Instead, the Republican Party of Arkansas petitioned this appellate court, seeking to have us void the trial court's order extending the hours of the election. The Republican Party, without any record or petition filed with the supreme court clerk, asked this court for an oral argument to present why the trial judge was wrong. Six members of this court gave the Republican Party and the Democratic Party of Arkansas an audience at about 9:00 p.m., November 5, so that

---

[1] *See* subsequent dissenting opinion, delivered November 7, 2002.

they could argue the merits of the validity of the trial court's order. The Pulaski County Board of Election Commissioners, the Pulaski County Clerk, and the voters were not represented when this court allowed the Republican and Democratic parties the opportunity to present oral argument via a telephone conference call. Neither party filed a written order, notice of appeal, or record for this court to review. In short, nothing was filed with this court in order for it to review the trial court's unfiled order now on appeal.[2] *See* Ark. R. App. P.—Civ. Rules 3 and 4. This court simply had no jurisdiction of the appeal of the trial court's order. *See also* Ark. Sup. Ct. R. 6-1, regarding special proceedings, which provides that petitions for writs of prohibition, certiorari, or mandamus give this court jurisdiction when pleadings with certified exhibits from the trial court are filed with this court's clerk.[3] Nevertheless, the majority court proceeded to review and hear arguments on the trial court's order, and then decided the trial court erred, thus voiding the lower court's order. In doing so, this court violated every relevant appellate rule it has in order to render its *oral* decision.

Nothing was ever filed on November 5 to allow the court jurisdiction to review this matter. Never in this court's history since 1836 has this court heard and decided an appeal or petition for a writ without the parties having filed a notice of appeal, record, and briefs so the court could deliberate properly to consider both the merits of the lower court's decision and its authority to have decided the case in controversy.

---

[2] In the telephone conference call, the parties mentioned the case of *State ex rel. Bush-Cheney 2000, Inc. v. Baker*, 34 S.W.3d 410 (Mo. Ct. App. 2000), as controlling here. However, that opinion dealt with an election matter that was initiated by the filing of petitions seeking to prohibit enforcement of a trial judge's order. Our case substantially differs because the parties here did not comply with our rules of civil and appellate procedure.

[3] At the time of this writing, November 6, 2002, the Republican Party and Sally Stevens, a member of the Pulaski County Election Commission, have for the first time filed an emergency petition for writ of certiorari and a brief; however, the trial court's and this court's oral and unfiled orders were issued on November 5, and cannot be offered to establish a basis to rectify this court's lack of jurisdiction when it rendered its oral decision of November 5.

Quite candidly, it appears the lower court, the parties, and this court got caught up in emotions in trying to obtain some type relief in an election which exhibited problems and allegations of irregularities. However, this court is a deliberative institution designed to bring issues into focus and render thoughtful decisions that bring such issues to a reasoned conclusion. In the instant case, this court clearly should have refused to review the validity of the trial court's order because this court had no jurisdiction to do so. Of course, the lower court's order would have allowed voters to cast ballots after the statutorily required time at 7:30 p.m. However, if the votes cast after the 7:30 p.m. deadline were found to be illegal, those votes could subsequently be contested, purged, or not counted. *See* chapter 5, subchapter 8, of Title 7 of the Arkansas Code, setting out the procedures for election contests. On the other hand, since this court overturned the trial court's order, those voters who appeared at 7:30 p.m. or afterwards are unidentifiable, as well as disfranchised.

I would be remiss if I did not point to our recent ballot–title case of *Ward v. Priest*, 350 Ark. 462, 88 S.W.3d 416 (2002), where this court said the following:

> This case is like *McCuen v. Harris*, 318 Ark. 522, 891 S.W.2d 350 (1994), in which we denied a motion for expedited review where the motion and brief were presented to this court just five days prior to the election. We stated that such time limitations would not only be unfair to the appellee, it would also not give this court the time needed for deliberation of the issue or issues to be presented. *Id.; see also Stilley v. Young*, 342 Ark. 378, 28 S.W.3d 858 (2000); *Mertz v. States*, 318 Ark. 239, 884 S.W.2d 264 (1994).

While I remain confident that this court's members meant well when handing down its oral decision in this case, the majority court totally ignored our rules and cases that are clearly intended to permit expedited appeals and extraordinary proceedings in a manner that would give us the time, records, and briefs to render a well-reasoned opinion. This case sets a dangerous precedent, and our court should confess it made a mistake and rectify it immediately.