COMMITTEE TO ESTABLISH SHERWOOD FIRE DEPARTMENT
*v.* Virginia HILLMAN, Pulaski County Election Commission;
Charles King; Sally Stevens; Ann Smith;
Jason Fender; Tommy Sanders

02-1165 109 S.W.3d 641

Supreme Court of Arkansas
Opinion delivered June 5, 2003

Nickels Law Firm, by: James E. Nickels, for appellants.

No response.

JIM HANNAH, Justice. The Committee to Establish Municipal Sherwood Fire Department ("Committee") appeals a judgment of the Pulaski County Circuit Court, Second Division, which declared a ballot title and initiative petition unconstitutional. The Committee argues that since the circuit court granted the Committee's motion to intervene, the circuit court should have allowed the Committee to participate in the litigation concerning the constitutionality of the ballot title and initiative petition. In addition, the Committee argues that it was denied rights under the First and Fourteenth Amendments of the United States Constitution, and article 2, section 4, and amendment 7, of the Arkansas Constitution, and that the judgment of the circuit court

which declared the ballot title and initiated proposal unconstitutional should be vacated.

Appellees Jason Fender and Tommy Sanders filed a motion to dismiss the appeal, arguing that the Committee lacked standing to intervene in the matter. We agree that the Committee lacked standing to intervene in the matter; therefore, we grant the appellees' motion to dismiss. Accordingly, we will not address the Committee's points on appeal. We have jurisdiction of this case pursuant to Ark. Sup. Ct. R. 1-2(a)(4) (2002).

*Facts*

The Committee circulated a petition to place an ordinance "to create a fire department" on the City of Sherwood's November 5, 2002, general election ballot. On September 6, 2002, Virginia Hillman, City Clerk for the City of Sherwood, certified the petition to the Pulaski County Election Commission ("Commission").

The proposed ballot title stated:

BE IT ENACTED BY THE PEOPLE OF THE CITY OF SHERWOOD, ARKANSAS: AN ORDINANCE FOR THE ESTABLISHMENT OF A FIRE DEPARTMENT FOR THE CITY OF SHERWOOD, ARKANSAS.

The text of the proposed ordinance stated:

Whereas, the City of Sherwood is currently served by two fire departments, and

Whereas, the City of Sherwood is empowered by A.C.A. § 14-53-101 to establish a City of Sherwood Fire Department, and NOW, THEREFORE, BE IT ORDAINED BY THE PEOPLE OF THE CITY OF SHERWOOD, ARKANSAS:

SECTION 1. That beginning with the City of Sherwood's budget for calendar year 2003, the City Council shall establish a fire department and provide personnel, proper engines and such other equipment as shall be necessary to extinguish fires and preserve the property of the city and of the inhabitants from conflagration.

SECTION 2. The uniformed employees of the Sherwood Fire Department shall be covered by the Sherwood Civil Service Commission except for the Fire Chief.

Fender and Sanders, registered voters of the City of Sherwood, filed a complaint against Virginia Hillman, in her official capacity as City Clerk of the City of Sherwood; the Commission; Charles King, in his official capacity as Chairman of the Commission; Sally Stevens, in her official capacity as Commissioner of the Commission; and Ann Smith, in her official capacity as Commissioner of the Commission. The complaint alleged that both the ballot tile and the proposed text of the ordinance were patently misleading. Fender and Sanders sought an immediate and expedited hearing, a declaration that the popular name and ballot title of the proposed initiative were constitutionally invalid, and an injunction to prevent the inclusion of an amended version of the petition on the November 5 ballot and to prevent the certification of the results of any votes cast under the petition.

On October 23, 2002, the circuit court entered an order consolidating a trial of the action on the merits with the hearing on the application for a temporary injunction. At the hearing, the circuit court heard testimony from Fender; Sanders; Lee Wilkins, Battalion Chief of the North Little Rock Fire Department; and Billy Jack Harmon, Mayor of the City of Sherwood. Counsel for the Commission and counsel for City Clerk Hillman were present at the hearing; however, they did not call witnesses or present any argument.

At the conclusion of the hearing, the circuit court stated:

> . . . I just don't think it gives, the ballot title gives the voters a, a constitutionally firm understanding of what they're voting on ·when they go. . . . into that booth. . . . I think this is unconstitutionally written, I think also the initiative has some problems, and I know that's not, you, I really feel that the initiative, if people understood what this initiative was when they signed it, you know may not have as many people signing it. And so, I think there's a double issue in this case, and I don't think it is a proper statement of, of the impact of . . . this proposed ordinance. So, I'm going to rule that is unconstitutional on both those grounds, and let you guys do a record and take it up and let the folks that are smarter than me decide.

On October 24, 2002, the Committee filed a motion to intervene. The Committee stated that it had never been notified that an action had been filed to remove the initiative from the ballot. The Committee stated that it became aware of the action

upon reading about the action in the newspaper. The Committee argued that, since it submitted the petition for the proposed initiative, it should have been joined as a necessary party to an action challenging the initiative. Fender and Sanders argued that the Committee had no standing to intervene. In addition, Fender and Sanders argued that the Committee was not incorporated. They also argued that, even assuming the Committee had standing, it failed to satisfy the requirements of intervention as required by Rule 24 of the Arkansas Rules of Civil Procedure. Finally, they argued that, even assuming the Committee had standing, its attempt at intervention was not timely.

On October 30, 2002, the circuit court held a hearing on the Committee's motion to intervene. The circuit court granted the motion to intervene, and the Committee moved to dismiss the case, arguing that it was a necessary party that was not served in the lawsuit. The circuit court denied the Committee's motion to dismiss. The Committee argued that it should have been given the opportunity to present its case and that it should have been allowed to cross-examine the witnesses present at the October 23 hearing.

The circuit court stated that the Committee could make further arguments as to the merits; however, the Committee stated that it was not prepared to litigate on the merits because the circuit judge's clerk had advised the Committee that, on October 30, the only matter before the court would be the Committee's motion to intervene. The circuit court informed the Committee that a hearing on the merits could only be set on a date after the election.

The circuit court then stated that the ballot title was deficient according to the standard set by the supreme court, and that by granting the Committee's motion to intervene, the circuit court was allowing the Committee to appeal to the supreme court.

Judgment was entered on October 30, declaring the ballot title and initiative petition unconstitutional and enjoining Hillman and the Commission from placing the ballot title on the ballot. Alternatively, the circuit court ordered that any votes cast on the proposed initiative not be counted or certified.

On October 31, 2002, the Committee filed a notice of appeal and a motion to stay the judgment pending appeal. On November 1, 2002, the appellees filed a motion to dismiss the

appeal, arguing that the Committee had no standing in the case and that the Committee was not incorporated. In addition, the appellees argued that even assuming the Committee did have standing, its appeal is untimely, prejudices the appellees, and does not afford the court the time needed for deliberation. On November 4, 2002, this court denied the Committee's motion to stay. This court passed the motion to dismiss to be submitted with the case.

■ While the election has already been held in this case, we chose to address the issue of whether the Committee had standing to intervene, even though the issue concerning the constitutionality of the ballot title and initiated proposal is moot. We have previously stated that "[t]his is not uncommon in matters pertaining to elections where there is a public interest involved and where the issue is such that it tends to become moot before it can be fully litigated." *State v. Craighead County Board of Election Commissioners*, 300 Ark. 405, 407, 779 S.W.2d 169 (1989). We also note that nothing in the record or abstract indicates that the Committee ever moved this court to expedite this appeal, which explains why the appeal is being considered in May 2003 rather than in a more expedited manner. *See Willis v. King*, 352 Ark. 55, 98 S.W.3d 427 (2003).

## Standing

■ Amendment 7 of the Arkansas Constitution provides, in part:

> **Municipalities and Counties** – The initiative and referendum powers of the people are hereby further reserved to *the local voters* of each municipality and county as to all local, special and municipal legislation of every character in and for their respective municipalities and counties, but no local legislation shall be enacted contrary to the Constitution or any general law of the State, and any general law shall have the effect of repealing any local legislation which is in conflict therewith.
>
> . . . Fifteen per cent of the legal voters of any municipality or county may order the referendum, or invoke the initiative upon any local measures. . . .

(Emphasis added.)

Rule 24 of the Arkansas Rules of Civil Procedure provides, in part:

a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) *Permissive Intervention.* Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

The appellees argue that the Committee has no standing to intervene because "the constitutional grant afforded by Amendment 7 is one reserved only to voters." Further, the appellees state:

The Committee is not registered or incorporated with the Arkansas Secretary of State . . . . There is no indication who comprises this committee, be it local voters or others outside the City of Sherwood. The Committee is neither a registered voter nor a taxpaying entity, and it does not purport to represent any registered voter or taxpayer.

At the hearing, the following colloquy took place between counsel for the plaintiffs, counsel for the Committee, and the circuit court:

COUNSEL FOR COMMITTEE: . . . This entity was created when it filed with the Arkansas Ethics Commission its statement of organization and responsibilities, this was done by the entity, it is not necessary that they file with the Secretary of State that they incorporate or have any other type of legal status other than hey, we're a committee, and we're going to try to get this on the ballot, and we want to see it passed by the citizens of

Sherwood. . . . I think the law is clear, you know, we have a dog in this hunt, and we ought to be allowed to, to argue the case instead of having only people whose interest are all the same come before this Court . . . .

COUNSEL FOR PLAINTIFFS: . . . The case law that I have found that permits intervention in ballot title cases permits intervention by voters who have an interest in the outcome of it. I can find no support for a committee that is not a voter, and in some amalgam of interested parties to be permitted to intervene . . . .

THE COURT: Well, I think there is a difference in, too, in a person who has, is on a ballot who is a, a someone who's involved in election dispute as a contestant as opposed to — . . . . But, but then, . . . I tend to agree . . . who is going to represent the other side of this, this petition . . . .

COUNSEL FOR PLAINTIFFS: It should be a voter, and whoever, whoever assuming this committee, and he has attached no evidence to demonstrate this committee is registered with any entity, there's nothing before this Court to even assume what he's saying is true, but assuming this committee is what it is, it's backed by presumably voters who care about it. Those are, according to the case law, I found, those persons individually as voters an on behalf of a committee have been permitted to intervene. What I'm telling the Court is right now it is Plaintiffs' position as this is presently framed, there is not a proper party to intervene this morning in this suit. . . and we've quoted to you in our Brief this morning, Amendment Seven, quote,

is reserved to local voters of each municipality . . . .

THE COURT: You may be right, but when you have a Petition that's signed by a thousand or whatever registered voters, I would think that that would be close enough to, it's horseshoes. . . . probably the folks out on the hill need to decide this case. . . . And I don't think in the present sense without their intervention, it will get out there. So I'm going to grant your Motion to Intervene.

The Committee argues that it has standing, pursuant to Ark. Code Ann. § 4-28-507 (Repl. 2001), which provides:

(a) A nonprofit association, in its name, may institute, defend, intervene, or participate in a judicial, administrative, or other governmental proceeding or in an arbitration, mediation, or any other form of alternative dispute resolution.

(b) A nonprofit association may assert a claim in its name on behalf of its members if one or more members of the nonprofit association have standing to assert a claim in their own right, the interests the nonprofit association seeks to protect are germane to its purposes, and neither the claim asserted nor the relief requested requires the participation of a member.

▆ A nonprofit association is "an unincorporated organization, other than one created by a trust, consisting of two or more members joined by mutual consent for a common, nonprofit purpose." Ark. Code Ann. § 4-28-501(2) (Repl. 2001). The Committee offers no proof to support its argument that it is a nonprofit association. At no time does the Committee assert that it consists "of two or more members joined by mutual consent for a common, nonprofit purpose." There is no proof as to what, if anything, was filed with the Arkansas Ethics Commission. There is no proof that the members of the Committee are Sherwood voters. In fact, the only "member" referred to in the record is "Rob-

ert Walla," who is later identified as the Committee's chairman.[1] Moreover, the Committee failed to make this argument before the circuit court. We have repeatedly stated that we will not address arguments raised for the first time on appeal. *Vanderpool v. Pace*, 351 Ark. 630, 97 S.W.3d 404 (2003).

Additionally, the Committee argues that, pursuant to Rule 19 of the Arkansas Rules of Civil Procedure, it should have been joined in the action concerning the constitutionality of the ballot title and the proposed initiative. Rule 19(a) provides, in part:

> (a) *Persons to Be Joined If Feasible.* A person who is subject to service of process shall be joined as a party in the action if . . . (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter, impair or impede his ability to protect that interest . . .

Ark. R. Civ. P. 19(a) (2002).

The Committee states that *Craighead Board of Election, supra*, supports the Committee's argument that it should have been joined as a necessary party. In that case, a citizen petitioned the circuit court for a writ of mandamus ordering the Board of Election Commissioners to remove the names of three candidates from the November 8, 1988, general election ballot. *Id.* at 407. The candidates were not named as defendants in the action. *Id.* at 407-08. The court noted that mandamus was not a "perfect remedy for this type of action" because it does not "provide for the joinder of all affected parties." *Id.* at 412. The court stated: "The trial judge was concerned, as are we, that the candidates in this case were not parties to the action. When a mandamus action is brought in a *case such as this*, courts will have to see that all necessary parties are joined under ARCP 19." *Id.* (Emphasis added.) The Committee argues that "[t]he same rationale applies when citizens through a ballot-question committee present an initiative petition." The present case can be distinguished from *Craighead Board of Election, supra*. In that case, the removal of candidates' names was at issue; in the present case, the removal of a proposed

---

[1] In addition, the Committee fails to explain how, even it were recognized as a nonprofit association, it would have standing to intervene in an action concerning rights which are reserved to the local voters under Amendment 7.

initiative is at issue. The Committee offers no proof that "citizens through a ballot-question committee" presented an initiative petition. Further, the Committee again fails to recognize that the initiative powers of the people are "reserved to the local voters." *See* Ark. Const. amend. 7.

The appellees' argument concerning the Committee's lack of standing to intervene is well-taken. In *U.S. Term Limits, Inc. v. Hill*, 316 Ark. 251, 872 S.W.2d 349 (1994), the court held that political supporters of elected officials had standing to file an action for declaratory judgment. The court wrote:

> Surely, the ability of Hill and Herget to participate in the political process *on behalf of certain candidates and as voters* for those same candidates is in jeopardy which brings into play impairment of speech and association rights under the First and Fourteenth Amendments. The same holds true for the League of Women Voters of Arkansas, *which has standing to participate on behalf of its voter-members.*

*Hill*, 316 Ark. at 260-61 (emphasis added) (citations omitted).

 In *Hill*, the parties had standing to bring the action for declaratory relief because, in the case of Hill and Herget, they were voters and, in the case of the League of Women Voters of Arkansas, it represented its voter-members. In the present case, the Committee is not a local voter, and the Committee makes no contention that it represents local voters. Rather, the Committee states that it is "a committee . . . [trying] to get this one on the ballot, and we want to see if it [is] passed by the citizens of Sherwood." Further, the Committee states: "Surely, the Committee has a strong interest on the challenge to the petition it submitted." While it may be true that the Committee has a "strong interest," in the challenge, it does not follow that the Committee, which does not purport to represent the interests of local voters, has standing to intervene in a matter concerning a local initiative, a power which is "reserved to the local voters." *See* Ark. Const. amend. 7.

Other jurisdictions have reached similar conclusions. For example, in *Albert v. 2001 Legislative Reapportionment Commission*, 567 Pa. 670, 790 A.2d 989 (2002), the Pennsylvania Supreme Court held that entities which were not authorized by law to exercise the right to vote lacked standing to challenge a reappor-

tionment plan.[2] In *Mazzone v. Attorney General*, 432 Mass. 515, 736 N.E.2d 358 (2000), the Supreme Judicial Court of Massachusetts stated that police associations and district attorneys in their official capacities lacked standing to raise constitutional challenges to an initiative petition. The *Mazzone* court noted that its state constitution reserved initiative and referendum powers to qualified voters, and it reasoned that since police associations were not entitled to vote and since "[n]either the police association nor the district attorneys in their official capacities would be permitted to propose an initiative petition," it should follow that the police association and district attorneys in their official capacities lacked standing to challenge an initiative petition. *Mazzone*, 736 N.E.2d at 517 n.4.

In the present case, the Committee, which is not joined by a local voter and, further, does not purport to represent local voters, lacked standing to intervene in a case concerning rights which, pursuant to Amendment 7, are reserved to the local voters.

Motion to dismiss appeal granted.

Appeal dismissed.

Glaze and Imber, JJ., concurring.

Corbin and Thornton, JJ., not participating.

Tom Glaze, Justice, concurring. Fender and Sanders argue that the appeal in this matter was essentially filed too late. I agree. The Committee to Establish Sherwood Fire Department filed its notice of appeal on October 31, 2002. No motion for expedited consideration was filed. They point the court to the case of *Ward v. Priest*, 350 Ark. 462, 88 S.W.3d 416 (2002). In *Ward*, Harry Ward, on behalf of himself and others similarly situated, and a ballot question committee known as APPLES, sought an expedited review in conjunction with an

---

[2] However, the court stated:

Although we hold that those unauthorized to vote lack standing to challenge the reapportionment scheme, in four of the five specific petitions that the Commission asserts a standing challenge, individual voters have also been named in the suit. Thus, the claims raised in these petitions are properly before the Court.

*Albert*, 790 A.2d at 995 n.6.

original action filed by APPLES on October 28, 2002, pursuant to Amendment 7 to the Arkansas Constitution, and Act 877 of 1999. The petition requested the court to enjoin the Secretary of State, Sharon Priest, from placing the food tax on the November 5, 2002, ballot, or, in the alternative, that the votes not be counted. Another committee, ALERT, objecting to the request for expedited consideration, intervened. This court in *Ward* engaged in the following analysis:

> This case is like *McCuen v. Harris*, 318 Ark. 522, 891 S.W.2d 350 (1994), in which we denied a motion for expedited review where the motion and brief were presented to this court just five days prior to the election. We stated that such time limitations would not only be unfair to the appellee, it would also not give this court the time needed for deliberation of the issue or issues to be presented. *Id.*; *see also Stilley v. Young*, 342 Ark. 378, 28 S.W.3d 858 (2000); *Mertz v. State*, 318 Ark. 239, 884 S.W.2d 264 (1994).
>
> The original-action petition filed by APPLES on October 28, 2002, alleges that this court has jurisdiction pursuant to Amendment 7 and Act 877 of 1999 to review the sufficiency of the popular name and ballot title of the proposed constitutional amendment. We take this opportunity to once again note that the purpose of Act 877 is to provide for the timely and expeditious review of the legal sufficiency of initiative petitions by the Supreme Court. Ark. Code Ann. § 7-9-502(b) (Repl. 2000). Furthermore, Act 877 was intended to provide a process to timely review the legal sufficiency of a measure in a manner which avoids voter confusion and frustration which occur when measures are stricken from the ballot on the eve of an election. Ark. Code Ann. § 7-9-502(b) (Repl. 2000).
>
> There are only six days between now and the date of the election. Election-eve review is contrary to Act 877 of 1999, the statute under which APPLES now proceeds. Moreover, to grant review at this late hour would not only be unfair to the adverse parties, but it would not give this court a sufficient amount of time necessary for meaningful deliberation of the issues presented. We, therefore, must deny the motion for expedited review. Accordingly, the motion to dismiss filed by ALERT is moot.

Although § 7-9-502 applies to statewide initiatives, and this is a municipal matter, the need for meaningful deliberation of the issues remains. *See Stilley v. Young*, 342 Ark. 378, 28 S.W.3d 858 (2000). This court has decided in several cases that there has to be

enough time for the adverse parties to prepare and for the court to be able to engage in meaningful deliberation. *Id.*; *McCuen v. Harris*, 318 Ark. 522, 891 S.W.2d 350 (1994). For this reason alone, I would dismiss this appeal.

IMBER, J., joins this concurrence.

CORBIN and THORNTON, JJ., not participating.